1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BATES and VANESSA GIBSON,<br><br>                               Plaintiff,<br>vs.<br><br>KASHI COMPANY, a California corporation; KELLOGG COMPANY, a Delaware corporation; DAVID DENHOLM, DAVID DESOUZA; and DOES 1-100,<br><br>                               Defendants. | CASE NO. 11-CV-1967-H (BGS)<br>11-CV-2256-H (BGS)<br>11-CV-2285-H (BGS)<br>11-CV-2356-H (BGS)<br><br>**ORDER CONSOLIDATING CASES** |

On August 24, 2011, Plaintiffs filed a class action complaint against Defendants Kashi Company, Kellogg Company, David Denholm and David Desouza. (Doc. No. 1.) Subsequently, several other individual plaintiffs filed similar suits, purporting to represent a nationwide class of consumers who purchased Kashi products containing artificial and synthetic ingredients.[1] The cases have been transferred to this Court pursuant to the Local Civil Rule 40.1(e), but have not been consolidated. On October 19, 2011, the Court issued an Order to Show Cause as to why the cases should not be consolidated. (Doc. No. 10.)

---

[1] See Diaz v. Kashi Company et al., 11-CV-2256; Chatham v. Kashi Company et al., 11-CV-2285; Sethavanish et al. v. Kashi Company, 11-CV-2356; Baisinger v. Kashi Company et al., 11-CV-2367.

- 1 -

11cv1967

1      On November 14, 2011, Plaintiffs filed their response to the Court's Order. (Doc. No.
2 14.) Plaintiffs oppose consolidation, and seek to stay the other cases as duplicative under
3 Federal Rule of Civil Procedure 42(a)(3). (Id. at 2.) On November 14, 2011, Defendant filed
4 a statement in support of consolidation in response to the Court's Order, arguing that the five
5 related lawsuits should be consolidated. (Doc. No. 15.)

6      Rule 42(a) of the Federal Rules of Civil Procedure provides: "If actions before the court
7 involve a common question of law or fact, the court may: (1) join for hearing or trial any or
8 all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to
9 avoid unnecessary cost or delay." The primary purpose of the rule is to promote trial court
10 efficiency and avoid the danger of inconsistent adjudications. See E.E.O.C. v. HBE Corp., 135
11 F.3d 543, 551 (8th Cir. 1998). The district court has broad discretion under Rule 42 to
12 consolidate cases pending in the same district. Investors Research Co. v. U.S. Dist. Court for
13 Cent. Dist. of California, 877 F.2d 777, 777 (9th Cir. 1989). Where two or more related
14 actions present the same factual and legal issues, consolidation provides that the cases proceed
15 under a single case number.

16      Here, the related cases involve common questions of fact and law. They also involve
17 the same defendant, Kashi, and class definitions. The Court concludes that consolidation will
18 save time, effort, and duplication of litigation given the overlap of the issues. Consolidation
19 of the cases will serve the purposes of judicial economy and convenience. Accordingly, the
20 Court issues the following order:

21     (1)    Bates & Gibson v. Kashi Co. et al., 11-CV-1967, shall be the lead case for
22           purposes of case management dates;
23     (2)    All future filings shall be made in the lead case.

24     **IT IS SO ORDERED.**

25 DATED: November 28, 2011

27                                     MARILYN L. HUFF, District Judge
                                        UNITED STATES DISTRICT COURT

1  COPIES TO:

2  Counsel of record in <u>Diaz v. Kashi Company et al.</u>, 11-CV-2256; <u>Chatham v. Kashi Company

3  et al.</u>, 11-CV-2285; <u>Sethavanish et al. v. Kashi Company</u>, 11-CV-2356; and <u>Baisinger v. Kashi

4  Co.</u>, 11-CV-2367.